UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

=====================================================================

**CASE NO.:** CV 14-07870 SJO (AJWx)  **DATE:** October 6, 2015

**TITLE:** Zejing Shen v. Gotham Corporate Group, Inc., et al.

=====================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**         **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                   Not Present

=====================================================================

**PROCEEDINGS (in chambers): ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS CATHERINE ZHENG AND LANTASTIC GROUP, INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** [Docket No. 55]

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs Zejing Shen's ("Mr. Shen"), Qian Shen's ("Ms. Shen"), and Zichun Chen's ("Mr. Chen") (collectively, "Plaintiffs") Second Amended Complaint ("SAC"). Defendants Catherine Zheng ("Ms. Zheng") and Lantastic Group, Inc. ("Lantastic") (collectively, "Defendants") filed their Motion to Dismiss on August 10, 2015. (ECF Nos. 55, 55-1.) Plaintiffs filed their Opposition on August 24, 2015, to which Defendants replied on August 31, 2015. The Court found these matters suitable for disposition without oral argument and vacated the hearings set for September 14, 2015. *See* Fed. R. Civ. P. 78(b). The Court **GRANTS in part and DENIES in part** the Motion.

I.      PROCEDURAL AND FACTUAL BACKGROUND

The Court has already provided an extensive factual and procedural background for this case in its July 21, 2015 Order Denying in Part and Granting in Part Defendants' Motions to Dismiss Plaintiff's First Amended Complaint. (Previous Order, ECF No. 49.) The Court reiterates those parts of the factual and procedural background required to provide context in adjudicating the instant Motion.

Plaintiffs allege the following. In 2012, Plaintiffs utilized the services of Ms. Zheng, a real estate broker, to locate a suitable location for a home in the West Los Angeles or Beverly Hills area on their behalf. (Second Am. Compl. ("SAC") ¶ 20, ECF No. 50.) After Plaintiffs paid money to purchase the Property in Beverly Hills, California, at 1004 North Rexford Drive (the "Property"), Ms. Zheng represented to Mr. Shen that she knew of a large company with many employees and decades of experience in design, architecture, government permitting, construction, and property management, and recommended that Mr. Shen contact the Gotham Defendants. (SAC ¶ 20.) From December 2012 to March 2013, Mr. Shen continued to involve Ms. Zheng in the project. (SAC ¶ 21.) For example, on March 21, 2013, an architect completed his concept designs and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 14-07870 SJO (AJWx)          DATE: October 6, 2015

emailed them to Ms. Zheng, who in turn emailed the designs on that same date to Mr. Shen. (SAC ¶ 22.)

From March 21, 2013 to March 31, 2013, Ms. Zheng, through email messages and telephone calls, urged Mr. Shen to consider contracting Gotham to re-do the designs from scratch. (SAC ¶ 23.) Ms. Zheng represented to Mr. Shen that Gotham was qualified to handle design, architecture, contracting, construction, property management, engineering, and permitting. (SAC ¶ 23.) Specifically, Ms. Zheng represented to Mr. Shen and his assistants and agents that:

1. Gotham was a well-known, established company that had been serving the Los Angeles real estate community for several years.
2. Switching to Gotham would result in designs far superior to the ones Mr. Shen had received from the original architect.
3. Contracting with Gotham would be the fastest and best way to complete the project because Gotham employed experienced house designers, architects, contractors, property managers, engineers and other experts who could assist Mr. Shen with demolishing the existing residence and then designing and obtaining permits for, and building, a new custom residence.
4. Mr. Coffin, a Gotham representative, could be trusted with complete control of the project. (SAC ¶ 23.)

Ms. Zheng, thereafter, introduced Mr. Shen to Erik Coffin ("Mr. Coffin"), a Gotham representative, and Ms. Zheng and Mr. Coffin jointly represented that Gotham had the capabilities to develop the Property in a manner consistent with the desires of Plaintiffs. (SAC ¶¶ 14, 24.)

Shortly after entering into an architecture contract with Gotham, Plaintiffs wired $500,000.00 to Lantastic, a company owned and controlled by Ms. Zheng, for disbursement to Gotham for architectural services. (SAC ¶ 31.) In April 2014, Mr. Shen learned that the project had not made any substantial progress, (SAC ¶ 48), and asked Mr. Coffin, Ms. Zheng, and Gotham to refund the money that had been paid to them. (SAC ¶ 49.) Defendants claimed they had transferred the funds to various sub-contractors, and were, therefore, financially unable to reimburse Mr. Shen for the project. (SAC ¶ 49.)

On October 10, 2014, Mr. Shen filed his Complaint in the Central District of California. (Compl., ECF No. 1.) On February 9, 2015, Mr. Shen filed a First Amended Complaint ("FAC"), alleging four causes of action: (1) a claim for a breach of contract (FAC ¶¶ 49-57, ECF No. 37); (2) a claim for breach of fiduciary duty (FAC ¶¶ 58-62); (3) a claim for money had and received (FAC ¶¶ 63-65); and (4) a claim for fraud (FAC ¶¶ 66-73). Defendants moved to dismiss the FAC for failure to join indispensable parties under Federal Rule of Civil Procedure 12(b)(7) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 14-07870 SJO (AJWx)</u>   DATE: <u>October 6, 2015</u>

The crux of Defendants' 12(b)(7) Motion was that Plaintiff had not joined Ms. Shen and Mr. Chen as plaintiffs necessary to the litigation. (*See generally* Previous Order; Lantastic Mot., ECF No. 38; Gotham Mot., ECF No. 40.) The FAC is silent as to the relationship between Mr. Shen, Ms. Shen, and Mr. Chen. (*See generally* FAC.)

In the Previous Order, the Court denied as moot Defendants' Federal Rule of Civil Procedure 12(b)(7) motion because Mr. Shen offered to amend his complaint to include Ms. Shen and Mr. Chen as named plaintiffs. (Previous Order 7.) On July 29, 2015, Plaintiffs filed their SAC, including Ms. Shen and Mr. Chen as parties and alleging collectively breach of fiduciary duty and fraud claims against Defendants.

Plaintiffs' SAC is similar to the First Amended Complaint. (*See generally* SAC, First Am. Compl. ("FAC")., ECF No. 37.) Apart from amending the language in the SAC to reflect the newly joined plaintiffs, the most significant addition to the SAC is Plaintiffs' allegation that in 2012, Plaintiffs agreed that Mr. Shen would lead the efforts to coordinate the development of the property while Ms. Shen and Mr. Chen would be the official title-holders of the property. (SAC ¶ 20.)

II.  <u>DISCUSSION</u>

   A.  <u>Motion to Dismiss for Failure To State a Claim Under Federal Rule of Civil Procedure 12(b)(6)</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). In evaluating a motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto*, 349 F.3d at 1200. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To plead sufficiently, Plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct," the complaint is subject to dismissal. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "When there are well-pleaded

CASE NO.: **CV 14-07870 SJO (AJWx)**      DATE: **October 6, 2015**

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

"Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h)(2) allows for failure to state a claim upon which relief can be granted to be raised: "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). Rule 12(h)(3) requires that the Court dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

In pertinent part, Plaintiffs assert their second and fourth causes of action, respectively, breach of fiduciary duty and fraud, against Ms. Zheng and Lantastic. (*See generally* SAC ¶¶ 60-64, 68-75.) Defendants move to dismiss those claims. The Court considers each claim as to each Defendant.

        1.      <u>Breach of Fiduciary Duty</u>

"The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, breach of fiduciary duty, and damages." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 820-21 (2011) (citations omitted).

"A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is . . . duty bound to act with the utmost good faith for the benefit of the other party." *Gilman v. Dalby*, 176 Cal. App. 4th 606, 613 (2009). This "ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent." *Id.* at 613-14. "Traditional examples of fiduciary relationships in the commercial context include trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint adventurers, and agent/principal." *Wolf v. Super. Ct.*, 107 Cal. App. 4th 25, 30 (2003). "[A] plaintiff cannot turn an ordinary breach of contract into a breach of fiduciary duty based solely on the breach of the implied covenant of good faith and fair dealing contained in every contract." *Gilman*, 176 Cal. App. 4th at 614. "Failure to disclose conflicting agency" is an act which "traditionally [has] been held to breach an agent's fiduciary duty." *Funk v. Tifft*, 515 F.2d 23, 28 (9th Cir. 1975) (Wright, J., dissenting) (citation omitted).
\\
\\
\\
\\

      a.      <u>Mr. Shen's Breach of Fiduciary Duty Claim Against Defendants</u>

Mr. Shen asserted a breach of fiduciary duty cause of action against all defendants in his FAC. (FAC ¶¶ 58-62.) In the Previous Order, the Court noted that "Lantastic and Ms. Zheng did not move to dismiss [Shen]'s breach of fiduciary duty claim," and ruled that "[they] waived any right to file a 12(b)(6) motion as to this claim." (Order 9.) Accordingly, the Court **DENIES** Defendants' motion to dismiss Mr. Shen's breach of fiduciary duty claim.

      b.      <u>Ms. Shen and Mr. Chen's Breach of Fiduciary Duty Claim Against Lantastic</u>

Defendants argue that the SAC fails to plead facts to support a claim of breach of fiduciary duty against Lantastic. The Court agrees. Plaintiffs allege only facts relating to Lantastic's incorporation, that Ms. Zheng has an ownership interest in Lantastic, and that "Plaintiffs wired $500,000.00 to Lantastic . . . for disbursement to Gotham, in furtherance of the provision of architectural services for the proposed residence." (SAC ¶¶ 12, 13, 31.) Plaintiffs fail to allege that Lantastic owed a fiduciary duty to Plaintiffs, that Lantastic breached its duty, or that Plaintiffs suffered damages.

Accordingly, the Court **GRANTS** Lantastic's motion to dismiss Plaintiffs Qian and Chen's breach of fiduciary duty claim.

      c.      <u>Ms. Shen and Mr. Chen's Breach of Fiduciary Duty Claim Against Ms. Zheng</u>

Defendants motion is premised on the Buyer Representation and Buyer's Inspection Advisory Agreements (together the "Agreements") entered into by Ms. Shen, Mr. Chen and Ms. Zheng. (*See generally* Request for Judicial Notice ("RFJN"), Ex. 1, ECF No. 56-1.) Because Ms. Shen and Mr. Chen were not identified as plaintiffs in the FAC, Ms. Zheng could not move to dismiss this claim. Accordingly, the Court will consider Defendant Zheng's motion to dismiss Ms. Shen and Mr. Chen's breach of fiduciary duty claim.[1]

Ms. Zheng argues that pursuant to Rule 12(b)(6), Plaintiffs fail to state a breach of fiduciary duty claim "[b]ecause all the allegations Plaintiffs make against Zheng are subsumed within the [Agreements], Plaintiffs cannot . . . complain that Zheng breached her fiduciary duties to them by doing the very acts contracted for by the parties." (Memo 12.) The Court disagrees.

---

[1] Because Lantastic's motion to dismiss the breach of fiduciary duty claim is granted, the foregoing discussion relates only to Ms. Zheng's motion to dismiss that claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 14-07870 SJO (AJWx)</u>          DATE: <u>October 6, 2015</u>

Plaintiffs allege in the FAC that "Defendants . . . were licensed by the State of California as Real Estate professionals (Brokers, Salespersons and/or Corporations) . . . [and] owed fiduciary duties to Plaintiffs, which were breached."  (SAC ¶ 61.)  Plaintiffs additionally alleged that "[Ms.] Zheng had . . . a fiduciary relationship to Plaintiffs in her capacity as a real estate broker."  (SAC ¶ 25).  Ms. Zheng does not dispute that she was acting as Plaintiffs' real estate broker, and that she owed fiduciary duties to Plaintiffs.  (Memo 11.)  Drawing all inferences in favor of Plaintiffs, the Court concludes that Plaintiffs have alleged facts to support the existence of a fiduciary duty.  Plaintiffs further alleged that Zheng had "a financial interest in Gotham and was receiving commissions for referring business to Gotham," and that that financial interest was not disclosed to Plaintiffs.  (SAC ¶ 25.)  Specifically, Plaintiffs alleged that "Defendants' breaches of fiduciary duties owed to Plaintiffs include, but are not limited to, Zheng's financial arrangement with Gotham by which Zheng agreed to offer Gotham's services to Plaintiffs, which services Gotham was not capable of performing, and the concealment of that arrangement from Plaintiffs."  (SAC ¶ 62.)  Plaintiffs further specified that Defendants breached their fiduciary duty to Plaintiffs "[b]y conspiring to deceive Plaintiffs regarding Gotham's experience and capabilities to handle Plaintiffs' project, which conspiracy occurred both before and after Plaintiffs contracted with Gotham."  (SAC ¶ 63.)  Finally, Plaintiffs alleged that they suffered damages "in amount subject to proof," and "in excess of $897,124.92."  (SAC ¶ 64.)

Defendants' argue that because the Agreements "form the scope of Zheng's fiduciary duties to Plaintiffs," they "cannot establish that Zheng breached any of her fiduciary duties to them." (Memo 11, 12.)  This argument does not persuade.  "[A] breach of fiduciary duty constitutes a 'willful injury to the . . . property of another' under [Cal. Civ. Code § 1668] and therefore **cannot be contractually excused**."  *Neubauer v. Goldfarb*, 133 Cal. Rptr. 2d 218, 225 (Cal. Ct. App. 2003) (quoting *Tunkl v. Regents of the University of California,* 383 P.2d 441, 442 (Cal. 1963) (emphasis added).

The Court finds that Plaintiffs' allegations are sufficient to support claim for breach of fiduciary duty.  Accordingly, the Court **DENIES** Defendant Ms. Zheng's motion to dismiss Ms. Shen and Mr. Chen's breach of fiduciary duty cause of action.

        2.    <u>Fraud</u>

The elements of fraud are (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity or scienter; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). Each element must be alleged with particularity.  *Conrad v. Bank of Am.*, 45 Cal. App. 4th 133, 156 (1996).

        a.    <u>Mr. Shen's Fraud Claim Against Defendants</u>

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 14-07870 SJO (AJWx)</u>     **DATE:** <u>October 6, 2015</u>

Plaintiff Mr. Shen asserted a fraud cause of action against all defendants in his FAC. (FAC ¶¶ 58-62.) This Court noted that "Lantastic and Ms. Zheng [did] not [contest] [Shen]'s breach claim for fraud," and held that "[a]ccordingly, [they] waived any right to file a 12(b)(6) motion as to [Shen]'s fraud claim." (Previous Order 13.)

Accordingly, the Court **DENIES** Defendants' motion to dismiss Mr. Shen's fraud claim.

    b. <u>Ms. Shen and Mr. Chen's Fraud Claim Against Lantastic</u>

Defendants argue that the SAC does not sufficiently state a claim of fraud against Lantastic. The Court agrees. As discussed above, Plaintiffs allege only facts relating to Lantastic's incorporation, that Ms. Zheng has an ownership interest in Lantastic, and that "Plaintiffs wired $500,000.00 to Lantastic . . . for disbursement to Gotham, in furtherance of the provision of architectural services for the proposed residence." (SAC ¶¶ 12, 13, 31.) Plaintiffs fail to allege any of the necessary elements to support their fraud claim against Lantastic.

Accordingly, the Court **GRANTS with leave to amend** the Motion to dismiss Ms. Shen and Mr. Chen's fraud claim against Defendant Lantastic.

    c. <u>Ms. Shen and Mr. Chen's Fraud Claim Against Ms. Zheng</u>

Ms. Zheng again raises claims premised on the Agreements entered into by Ms. Shen, Mr. Chen, and Ms. Zheng. (*See generally* RFJN ex. 1.) Because Ms. Shen and Mr. Chen were not identified in the FAC, the Court again elects to consider Ms. Zheng's motion to dismiss Ms. Shen and Mr. Chen's breach of fiduciary duty claim.[2]

Plaintiffs put forth two theories to support the first element of misrepresentation. The Court addresses each in turn. First, Plaintiffs allege that Ms. Zheng falsely represented to Plaintiffs the following statements inducing Plaintiffs to enter into an contract with Gotham.

  1. Gotham was a well-known, established company that had been serving the Los Angeles real estate community for several years;
  2. Switching to Gotham would result in designs far superior to the ones Plaintiffs had received from the original architect;
  3. Contracting with Gotham would be the fastest and best way to complete the project because Gotham employs experienced in house designers, architects, contractors, property managers, engineers and other experts necessary to assist Plaintiffs with demolishing the existing residence and

---

[2] Because Lantastic's motion to dismiss the fraud claim is granted, the foregoing discussion relates only to Ms. Zheng's motion to dismiss that claim.

      then designing and obtaining permits for, and building, a new custom residence; and

4.    Mr. Coffin is an honest businessperson who can be trusted with complete control of the project. (SAC ¶ 69.)

The statements regarding the reputation of Gotham and Mr. Coffin as well as the benefits of switching to Gotham are representations of opinion and are not actionable. *Rendell v. Scott*, 70 Cal. 514, 514 (1886). Alleged misrepresentations must ordinarily be affirmations of past or existing facts to be an actionable fraud claim; predictions as to future events are deemed opinions, and not actionable fraud. 5 Witkin, *Summary of Cal. Law* (10th ed. 2005) Torts, § 773, p. 1122; *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999). The misrepresentation must also ordinarily be a specific factual assertion; generalized statements are usually not actionable as fraud. *Id.*

The only statement which appears actionable is "Gotham employs experienced in house designers, architects, contractors, property managers, engineers[,] and other experts." Plaintiffs alleged that Gotham's "in-house" architect was not licensed as an architect in California, and was no more than a "subconsultant paid by Gotham." (SAC ¶ 26.) The statement regarding the employment of in-house architects and other experts, if falsely made, constitutes a misrepresentation of an existing fact. *Glen Holly*, 100 F. Supp. 2d at 1093.

Next, Plaintiffs allege that Ms. Zheng did not disclose Ms. Zheng's financial relationship with Gotham whereby Ms. Zheng "funneled" clients to Gotham for a "high percentage commission payment for any funds collected by Gotham from those clients." (SAC ¶¶ 18-19, 70-71.) "[T]he elements of an action for fraud . . . based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Marketing W. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612 (1992).

Plaintiffs' allegations are sufficient to show misrepresentation. As stated above, Plaintiffs have alleged a fiduciary relationship between themselves and Ms. Zheng. *Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412, 433 (1945) (liability may be imposed for concealment or nondisclosure where the defendant is in a fiduciary or other confidential relationship that imposes a duty of disclosure). Plaintiff has alleged that the nature of this relationship was concealed in order to induce Plaintiff to engage Gotham's business. (SAC ¶¶ 18-19, 29.) Although Plaintiffs have not alleged that had they known about the agreement, they would not have entered into the contract, drawing all inferences in favor of the non-moving party, this can be reasonably inferred from the Complaint.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: **CV 14-07870 SJO (AJWx)**  DATE: **October 6, 2015**

Defendants assert that the Agreements "form the scope of Zheng's fiduciary duties to Plaintiffs," therefore "Plaintiffs cannot establish that Zheng breached any of her fiduciary duties to them." (Memo 11, 12.) For the reasons stated above, this argument does not persuade.

Accordingly, Defendant Zheng's motion to dismiss Plaintiffs Qian and Chen's fraud claim is **DENIED**.

III.     RULING

Defendant Ms. Zheng's Motion to Dismiss is **DENIED** as to all Plaintiffs. Defendant Lantastic's Motion to Dismiss is **DENIED** as to Plaintiff Mr. Shen, and is **GRANTED with leave to amend** as to Plaintiffs Ms. Shen and Mr. Chen. Plaintiffs shall file in strict compliance with this order a third amended complaint within 10 days after this order is issued. Defendants shall file their response within 10 days thereafter. Defendant shall not raise grounds to dismiss that could have but were not previously brought.

IT IS SO ORDERED.